E-FILED
Monday, 22 October, 2018 03:23:37 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

GERALD JONES

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

John BALDWIN,

Emily RUSKINS,

TERI KENNEDY,

GlenDAl French,

SUSAN Prentice,

_____

(Enter above the full name of ALL
defendants in this action. <u>Do not</u>
use "et al.")

Case No:_____
(To be supplied by the <u>Clerk of this Court</u>)

SCANNED at PCC and E-Mailed
10/22/18 (date) by VK (initials)
26 (# of pages)

**CHECK ONE ONLY:**

X        **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
          **U.S. Code** (state, county, or municipal defendants)

_____  **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
          **28 SECTION 1331 U.S. Code** (federal defendants)

_____  **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

PARTIES TO THE COMPLAINT:

PLAINTIFF: NAME: GERALD JONES, ID# B.13486
ADDRESS: Pontiac Correctional center
P O BOX 99, Pontiac, Ill. 61764

DEFENDANTS:

A. NAME:    John Baldwin
title:    Director of Illinois Department of Corrections
Place of Employment : 1301 Concordia Court P.O. Box 19277
SpringField Illinois 62794

B. NAME: Emily Ruskin
title: Assistant Warden Programs, Pontiac Correctional center.
Place of Employment : P.O. BOX 99 Pontiac Ill. 61764

C. NAME: TERI KENNEDY
title: WARDEN OF Pontiac Correctional center
Place of Employment : P.O. BOX 99 Pontiac Ill. 61764

D. NAME:  GlENDAl French
title: Assistant Warden operations, Pontiac Correctional center.
Place of Employment: P.O. BOX 99 Pontiac Ill. 61764

E. NAME:  Susan Prentice
title: MAJor, Pontiac Correctional center
Place of Employment: P.O. BOX 99, Pontiac. Ill. 61764

## Factual Allegations:

1.) All Defendants have breached the jointed combined obligations ministerial lawful duties, of 730 ILCS 5/3-7-4 to create and enforce reasonable safety and protection methods to protect Plaintiff from the two known and forseeable substantial risk of harm to Plaintiffs health of the dangerous harmful yard cages and open yard areas. — thus by:

2.) At Pontiac Correctional center, inmates are sent to outside individual yard cages, for recreation out side exercise time, as an administrative decison.

3.) these yard cages are next to each other in rows, connected, made of metal and resemble large dog cages, of metal thin squaire holes openning designed.

4.) the yard cages are made only to and prevent physical contact between the inmates, and stop fist fights.

5.) Since about 1-27-2014, All defendants knew and learned that, Pontiac Correctional center (Refer as Pontiac) outside recreation yard cages area, created and poses a the known serious substantial risk of serious injuries to Plaintiff mental and physical health and inmates, that use or go to them, thus by the case Libscomb v. Pfister, 2014 WL 287269 (C.D. Ill).

3

6) All Defendants knows and learned the substantial Risk of serious Harm to Plaintiff's Health, Existing From:

A.) Defendants created, Designed and Forcing All inmates to Go to the yard cages.

B.) Excessive numerous inmates, Due to the creation and design of the yard cages, to Release their Hate, Anger, Stress, Retaliation and Just For Fun, inmates Are throwing Feces, urine, Magic Shave hair Remover, Blood and substances, on Each other, on a Routine HABIT as a Pontiac Prison life style. — thus using milk cartons, PLASTIC BAGS, their shoes or Even uses their mouths and Hands. — throwing through the yard cages. And

C.) All Defendants Fail and Refuse to Take Reasonable Reliable, and Appropriate steps to Protectively Provide safety and Protect Plaintiff From thus Harmful Assaultive inmates Feces, urine, Blood and Magic Shave, substances throwing in the yard cages, and From Being Attackedly Assaulted on open yard.

D.) All Defendants Are carrying out this substantial Risk of serious Harm to Plaintiff, as an Administrative Joint and individual Decision and Policy that they Do not allow Plaintiff to File Grievances against. Concerning the Two Yard Placement Areas.

4

## All DEFENDANTS increased the risk FOR Future inJury TO PLAINTIFFS Health

7.) Prior To 9-18-18, DEFENDANTS ms. Prentice the maJor OF westHouse and OFFicers spreaded THe intended PLANS, telling inmates, the WARDEN DEFENDANT. ms. kenneDy and Director OF the Illinois DePartment OF corrections DEFENDANT MR. BALDWIN HAD Approved AND going To start Taking Disciplinary Segregation inmates To the open YARD where inmates can have PHYSICAL CONTACT with EACH other — whom BEEN threw Feces.

8) AFter learning of Pontiac Prison OFFicials, All DEFeNDANTS INTENTIONS, OF the open YARD is Being Allowed, in Response EXcessive mental ill inmates, GANG membErs AND BiGGer inmates AND other inmates, 20 Hours A DAY, BegAin EVERY DAY, ArguiNG AND threatening To serious HarmFul Assaultively Attack and BEAT EACH Other, HAVE FighTs AND in groups Team up and ASSAultively Attack inmates on the open YARD.

9.) All DeFeNDANt's SUBordinates, in westHouse, INCLUDING DEFENDANTS ms. Prentice HearD and listen To these EVERY DAY PLANS And Arguments By inmates, threatening To Assault EACH other on the open yarD when it starts, when walking the galleries UNAVoiDABLE, — including engaged conversations with these same inmates their looking ForwarD To seeing these FighTs AND To see whom win, come ouT or Bet whom stay in, ARe their Responses, in VioLATioNS OF their own Prison Rules AND 730 ILCS 5/3-7-4,

5

10) All DeFeNDANTS createDly enForcing and operating A custom, practice AND Policy oF A.) AN oFFicer Comes To EAch inmate AskinG Do the inmate WoNTs To Go To oPen YARD AND MAke a list Two DAYS BeFore The scheDule DAy To TAke inmates To the open YARD. — B) the westHouse DeFeNDANts major mS. PreNtice oFFicers. LieuteNeNT and STAFF inspect the list oF All inmates going To oPeN YARD. — and select which inmates iS GoinG To Be PlAced on the oPeN YARDS ToGether, WithIN three seperate yARD AreAs.

11.) All DeFeNDANTS createDly enForcing and operating a a Policy, oF A.) Telling inmates iF A inmate ReFuse To Go on the YARD with the sPeciFic inmates DeFeNDANts Pick, thAt inmates whom ReFuse will Be suBjecteD To a cell ProPerty shakeDown. — thus this Policy is intenDeD To Harass inmates AND coerge inmates To Go on the YARD with their ENemies or cAuse FiGHTs with inmates DeFeNDANTs Put ToGether selectively.

12.) All DeFeNDANts and their suborDinates kNew anD HAVe knowleDGe thAt over TEN YEARS, Excessively the HiGH numerous oF these sAme inmates, Been throwing Feces, urine AND suBSTances on EAch other in the yARD cAGes, or AttAckingly HeADButting EAch other or kick EAch other, AND For Hours EVERY DAY Argue AND threaten To Assault EAch otheR when they CAN, iS the EVERYDAY liFe STyle. iN PoNtiAc PrisoN, From working, the iN PonTiAc.

6

13.) All DEFENDANTS DID ABSolutely NoTHING To ABATE the INCREASE HARMFul USE OF the OPEN YARD To PLAINTIFF's HEALTH. — INSTEAD DEFENDANTS MS. PrenTice AND MR. French AND their OFFICERS, LieuTENANT AND STAFF ENCOURAGED inmates To let them KNOW whom they WONT To Be on the YARD With that inmates whom they WONT To FighT. — WAS the Gossip-Rumer BY inmates.

14.) DEFENDANTS MS. KENNEDY, MR French, MS. Emily RUSKINS, MS. PrenTice and MR. BALDWIN, Allowing, Turning A BLIND EYE To, APProving or ORDERingly ENForcing the PracTice, CUSTom and Policy STATED IN PARAGRAPH 10. With DeliBerate INDiFFerence To PLAINTIFF's HEALTH and SAFETY From:

15.) A.) DeFENDANTS MS. PrenTice AND SUBORDINATES creating A list AND DeliBerately selecting inmates To Be Put on the OPEN YARD TogeTher Whom DeFENDANTS Believe Will FIGHT or ATTACK EACH other or cause A inmate To GeT ASSAULTED BY inmates, — thus For their OWN FUN AND or opportunities To SHow HATE or To RETALiate against specific inmates.

16.) Due To All DeFENDANTS New Policy and started the OPEN YARD operating Scheme, Since the First DAY OF 9-19-18, — thus it's Been inmates RighTS on 9-19-18, 9-20-18, 9-21-18, 9-24-18, 9-26-18 AND other DAYS AND conTiNue. Due To the inmates DeFENDANTS selected TogeTher.

7

17) Because of the excessive harmful physical fights on the open yards occurred, and inmates continue to make threats against each other, thus plaintiff and numerous inmates out of fear or worried for their safety, psychologically refuse involuntary to go to the open yard.

18) All defendants knew and have knowledge that over ten years of Pontiac prison lifestyle, most and excessively numerous inmates throwing feces, urine and substances on each other in the yard cages weekly. ——— And that it would be a worser harmful increased serious physical injuries threatening risk to plaintiff and inmates health, once they put these same inmates on the open yard together.

18) Due to the all inmates over ten years whom throw feces and urine in the yard cages, all defendants knew and had knowledge, approving and allowing all these same inmate to now be placed on the open yard together — thus that numerous inmates would retaliate and physical attack the inmates whom threw feces and urine on them, and that these fights would obviously occur.

8

## The All Defendants Deliberate indifference

20.) Pontiac Correctional center does have Policies, like strip searches, intended To Prevent the risk or stop the Feces-urine throwing in the yard cages. By Attemping To stop inmates From Bringing throwing items To the yard cages.

21.) But All Defendants learn, knew AND Have knowledge that the strip searches Are Purposeless, inadequate and does NOT EVEN limit the risk nor Prevent Feces-urine throwing By inmates From the Facts that:

   A.) Some officers will NOT conduct strip searches AS thoroughly AS Policies requires, and some shows Favoritizm AND Allow inmates To TAKE milk cartons AND items To yard cages To ASSAult inmates officers Do NOT like.

   B.) over TEN years inmates Been throwing Feces and urine HAVE increase Also using the shoes, Hands, and mouths, — AND Plastic Bags, that can NOT Be Felt like milk cartons, when clothing search.

   C.) All Defendants AND their subordinates, ordering AND Allowing Purposeless Arbitrary Stip searches ONLY As A Pretext Ruse, knowingly, Just For Pretense Excuse To say their Taking Some kind of Preventing steps, knowing their NOT.

9

22) No other actions are being carried out by all Defendants and their subordinates, Reasonable, in order to stop and Prevent the Feces-urine and substances being throwed by inmates in the yard cages or on open yard to Prevent the Fist Fights.

23) Now that all Defendants on 9-19-18 begain the open yard, all Defendants and their subordinates have no Protective methods Reasonable being carried out, in order to stop and Prevent the threatening Physical assaultive attacks by inmates on the open yard.

24.) All Defendants Depriving Plaintiff a safe outdoor exercise Recreation yard time, in a unreasonable manner with Deliberate indifference, by fail and Refuse to take corrective steps and enforce a safety method that will Prevent inmates assaulting and carrying out their threats to assault Plaintiff and other inmates on the open yard and in the yard cages.

25) All Defendants knew or have knowledged and learned from Plaintiff's Prison Grievances, and case Jones v. Pierce, et al. No. 14-MR-91, that these same and numerous inmates have threaten to throw Feces-urine assaultively on Plaintiff if come out to the yard cages, and now being threaten by these same and other inmates to Physically assault Plaintiff if Plaintiff come out to the open yard.

26) All Defendants Have Become Aware of the Obvious Management Deficiencies Problems Associated with Providing Pontiac inmates AND Plaintiff with out of the cell Exercise Oppertunities in a safe Area causing Plaintiff class Physical and Psychological Harm.

27) All Defendants learned, know and have knowledge that numerous Excessive inmates and Plaintiff Refuse To Go To the Yard Cages and open Yard Exercise Area Due To All Defendants Failure To make it Safe for their Health and Protection From the inmates Assaults and threats. as a Breach and Violations of their ministerial lawful Duties of 730 ILCS 5/3-7-4.

28) Due To All Defendants Breach of Duties and Skills To Provide a Safe out of the cell Exercise Area, Have Placed Plaintiff and class in a imminent Danger of serious Physical injuries of irreparable Harm and psychological injuries included By:

28) the involuntary long term Denial of Fresh Air, and regular out the cell Exercise and recreation for Plaintiff's. Numerous inmates and Plaintiff suffering a Atmosphere, with their own, Fear and Apprehension and are confined under degrading condition like Bad Air Flow and Allergic Air that Have Excessive Dust, lent, Hair and nastyness Floats the Air causing serious Physical unhealthy Problems.

11

30.) NUMEROUS EXPERTs TESTIFYS aND AFFIRMS that VIGOROUS or some FORM oF ouT the cell ExERCISE IS A NecessarY AND imPorTANT NeeD, IN maINTAINING HealtHy weiGHT, STreNGtH AND ReDucING A VARieTY oF HARMFul Health RISKS, see LEMAIRE V. MAASS 745 F.SUPP. 623 (D.OR.1990), that A REASONABle lAY Person DOES KNOW, A loNG TERM DENial oF ouT the cell ExERCISE PlAINTIFF CANNOT MAINTAIN a GooD Health AND will Have HARMFul DETERIORATING Health RISKS AND PROBlemS.

31.) All DeFENDANTS leARNED AND KNeW oF these FACTs oF the UNSAFE YARD AREAS, CREATED the SUBSTANTIAL RISK oF SERiOUS HARM EXISTED oF PlAINTIFF aND NuMEROUS INMATES iNVOlUNTARY FORCED To SECREFICE theiR CONSTITUTIONAl RiGHTS oF ouT oF the cell ExERCISE opPORTUNITY FoR theiR SAFETY FROM iNMATE ASSAUlTS, AND that the loNGER TIME All DEFENDANTS FAilURE aND ReFuse To PROVIDe A SAFE YARD AREA To ExERCISE, the loNGER PlAINTIFF'S WOUlD HAVE To WAiT AND WOUlD SuFFeR the loNG TERM DENiAl oF ouT the cell ExERCISE INJuRIes that OCCURS IN thus SiTUATIONS. ■

32.) All DeFENDANTS DoING ABSOlUTely NoTHING AND Allowing PlAINTIFF'S a UNSAFE YARD ouT the cell ExERCISE AREA, AND NoT PrEVENT PlAINTIFF iNCREASED INJURIes FROM loNG TERM DEPRIVATION oF ouT the cell ExERCISE Due To the PsycHOLOGICAl FEAR HARMFul iNJURIes CAUSING HIM NOT To Go FoR his SAFETY.

12

## PLAINTIFF is in imminent Danger of serious PHYSICAL AND irreparable Jury:

33.) DEFENDANTS MS. KENNEDY, MS. RUSKINS, MS. Prentice, MR. French and their PONTIAC SUBORDINATES USING A the selective list of inmates of whom their ORDERING OFFICERS TO selective Place TOGether and Put on the Open YARD, as a Practice, Custom and Policy. (REFER TO as Policy A.)

34.) DEFENDANTS MS. KENNEDY, MS. RUSKINS, MS. Prentice, MR. French AND SUBORDINATES are USING Policy A, as a CONSPIRING scheme TO Place SPECIFIC inmate Together To have SPECIFIC inmates Assaulted and TARGeted BY other inmates. — thus in order TO Retaliate and show HATE AGAINST SPECIFIC inmates thAY HAve SPeCIFiclY HATE AGAINST.

35.) iF PLAINtiFF Go TO OPen YARD, DEFeNDANts MR. French MS. Prentice, MS. KENNEDY and MS. RUSkins with their SUBORDINATES, CONSPIREDly PLANNED AND PLAN TO PUT SPECIFIC inmate ENEmies OF PLAINtiFF and those who willing To Do the FAVOR on their BeHAIF on the Open YARD TO seriously ASsault AND PHYsical HARm the PLAINtiFF. thus is SUBSTANtHateB, Direct and inDirect CIRCUMSTANHAl EVIDence BY:

A) TWO inmates TOID PLAINTiFF they TAlked TO and "MAJor Prentice said She GOING TO MAke sure we're ON the SAme YARD Together." Telling PLAINTiFF TO Come TO the YARD.

13

B.) one inmate said "WARDEN French Don't like the PlaintiFF so he Going To make sure PlaintiFF Get His ASS Beat the Fuck up."

C.) Thus None OF these inmates CANNOT know this thus kind OF inFormation OF A. AND B. unless thus inFormation came From DeFenDants ms.Prentice aND mR. French or their SuBorDinates — By How would these inmates know they would Be selectively Placed on the Same yard with PlaintiFF prior To the list Being maDe — AND know PlaintiFF HAVe a Hate History with WARDEN French.

D.) the selective PLACEMENT DeFenDants HAVe maDe oF PLACing inmates TOGether on the Same yard it's Being FighTs since the First Day they starteD on 9-19-18, 9-20-18, 9-21-18, 9-24-18, 9-26-18 and more

E.) DeFenDants mR.French and ms.Prentice AND on Behalf oF Prison OFFicial. Have Directly threaten to Have PlainHFF seriously ASSaulted, AND Been Attacked Assaulted By DeFenDant mR.French Twice, aND DeFenDant ms. Prentice TRieD TO get A inmate TO serious ASSault PlaintiFF BeFore that leaD To PlaintiFF Psychological and PHYsical inJuries. AND

F.) thus in liGHT oF the History DeFenDants mr. French ms. KenneDy, ms Prentice and SuBorDinates is NOT TRUStworthy TO make or operate the Policy A. list.

14

## PLAINTIFF INJURIES

36.) PLAINTIFF FACES A HIGH risk OF SUBSTANTIAL Serious PHYSICAL and mental Psychological Harm thus By :

A.) BY Feces Being Contaminated with Blood, Sickness Substances, Germs and Fungal Type infestation that causes serious irreparable Bodily Harm AND Disease.

B.) BY urine, Spit AND Blood Contaminated with H.I.V. Substances or Hepatitis C., Germs AND other Dangerous Substances inmates carry in Pontiac Prison.

C.) BY HAVING Feces, urine, Blood AND other SUBSTANCES thrown on inmates causes a Serious Psychological HarmFul EFFECTS once it's thrown ON A Person. Provoke the ASSAULTED inmate STARTS To WONT To or throws Feces AND urine BACK, or ReFuse To Go To YARD Again Feeling Angry, Depression and Helpless.

D.) inmates over Ten Years AND EVEN less But A long term Deprivation OF OPEN YARD, Being IN Pontiac in the ISOLATED Single Person YARD cages, Have increased AND created Numerous Excessive inmates wont To PHYSICALLY Attack and Assault Each other AND FiGHT.
— AND iF PLAINTiFF Go To the open YARD or YARD cages will Be PHYSICALLY ASSAULT iN a HarmFul MANNER BY Being threaten By these Same inmates, To Do So. is KNOWN BY All DeFENDANTS From Grievances, and Gallery Talk.

15

37) All Defendants Have the inherent Authority To make a Remedy method and Policies and enforce them, For Providing a Safe out the cell Exercise environment To Protect Plaintiff From the said assaults Described By the inmates and threats. — And Have the lawful Responsibility To Do So, — and Have Breached this Duty was the actual Causation of Plaintiff's injuries.

38) Plaintiff receives Pain Relief medication and other medication For His said injuries and Health Deteriorating But the suffering and Pain Physical Harm is Inescapable. — Due To the long Deprivation of out the cell Exercise yard time and Depression.

39) Plaintiff's said Psychological and Physical injuries Have Become severely seriously that it's. Depriving and Effecting Plaintiff Daily Basic human necessary needs of Adequate sleep, Exercise and A peace of mind.

40) On about 9-9-18 in Pontiac Health care unit, Doctor MR. Ojelade, warned Plaintiff of Needing Exercise and Prescribed Pain Relief medication, Explaining To the Plaintiff, His Health is at increase risk of irreparable Harm of serious Physical injuries Due To lack of Exercise and Ordered Plaintiff To start Exercising.

41) Plaintiff now suffering Disabling Pain and severe Health Deteriorating certain of can lead To A Heart Attack, that Plaintiff is in imminent Danger of serious Physical injury.

16

42) All DeFenDANTS knew, learned AND HAD knowleDge that placed them on Notice AND Being AwAre, that A.) the Denial of outDoor Exercise yarD time For A SubstantiAl PerioD of Months creates AN Excessive risk of physicAl AND psychological serious HArm To PlAiNtiFF's HeAlth, AND B.) AND Due To All DeFenDANTS FAilure To Present AND Protect PlAiNtiFF From their known created, inFluence oF inmates throwing Feces and urine in the yArD cAges, involuntary out of FeAr knew PlAiNtiFF For His saFety From Being AssAulteD, Does NoT GoTo the outDoor Exercise yArD cAges over A substAntial PerioD oF 3 years, As a Result PlAiNtiFF HAve AND is suFFering serious physical AND psychological PAinFul HeAlth Deterioration.

43.) All DeFenDANTS  knew, learned AND HAve knowledge that their now APProval and oPerAtingly scheme of placing these same inmates on the open yArD — thus A) Prolong AND Prevents PlAiNtiFF FRom GoiNG To outside Exercise yArD PerioDs, AND will continue To suffer the physical AND psychological PAinFul HArm As a Result AND B.) thus is Due To All DeFenDANTS FAil AND ReFuse To EnForce A outDoor Exercise saFe yArD Area and Protect PlAiNtiFF From the ████ threats of THE physicAl AssAults on the open yArD mAde By these same inmates To PlAiNtiFF iF come To the open yArD,

17

44.) Due To All Defendants Approval, Managerial Authority, Allowing, ORDERING and Operation OF Providing the Yard cages and open Yard Areas For outside Exercise Yard time, while Knowing is a Substantial Risk of Harm To Plaintiff Health Directly and indirectly By if Plaintiff Go To or Do NOT Go To the open yard and yard cages, — thus Plaintiff is Suffering the Following injuries and impending Future Harm :

A.) Plaintiff suffers the A Painful Psychological Fear, worriedness, Paranoid, Depression, Bord, Stressful and lost of Joy mental condition — Being unable To Go To outdoor Exercise Yard, Due To All Defendants Fail and Refuse To Protect and Provide Safety From inmates said Assaultive Behaviors and threats.

B.) Plaintiff suffers the A Daily serious Bodily Painful serious Physical Harm, Joint Pains and Discomfort in His legs, Arms, Feets, Shoulder and Hands, with weakness, Eye and Headaches and Backaches severelly.

45) All Defendants are Aware or HAD Documented Notice over three years Plaintiff is suffering all thus said Harm and injuries and Harm is increasing, From their mental and medical Health Staff Records and Reports, Plaintiff's Prison Grievances, and their own Knowledge Plaintiff would suffer these injuries From said conditions.

18

46) All DEFENDANTS learn, know AND HAve knowledg that in the Case lipscomb V. PFister. et. AL. 2014 WL 287269 (C.D. Ill.) the PLAINtiFF is IN the SAME situation threats as the inmate MR. lipscomb. (A case same issues in PontiAc Prison)

47) Because the CASE lipscomb V. PFister, Id. WAS NOT A CLASS Action lawsuit. DEFENDANTS only Took A RemeDy Act To Protect MR. lipscomB AND IGNORING PLAINTIFF AND All Other inmate needing the known ProtectioN From the Feces urine throwing ASSAults. — Acting with DeliBerate iNDiFFerence To the sAFety and HeAlth oF PLAINtiFFs.

48) THERE PlAINtiFF's FAces and suffer irreParAble serious PHYSicAL AND PsycholoGicAL HArm. AND monetArY DAmAGes clearly is inAdeQuate To ReDress this HArm. AND suffer More ABSENT equitABle RelieF. From A CouRT At law.

49) At All times All DeFENDANTS acted under color oF AND usage OF state law. Duties. Policy AND Breach oF Duties. AND sued in their iNDiviDuAl. PersonAl. AND OFFiciAl cApAcity.

50) At all times all DeFENDANTS ActioNs was inteNtionAlly willinGly. PurPoseFully. ABuse oF Authority. Reckless Disregard. with DeliBerate iNDiFFerence. mAlicious AND SADistically For the very PurPose To see FIGHTS AND Allow HArm To PLAINtiFF AND inmAtes. AND continue To Act in thus stAte.

## CAUSE OF ACTION

51.) Plaintiff state the following claims with and from Reference of and to all thus previous paragraphs of this complaint :

52.) __Count 1.__   states a cruel and unusual punishment claims, Pursuant to Allen V. City and County of Honolulu, 39 F.3d 936, 940 (9th Cir. 1994) — Against all Defendants Being invidiations of Plaintiff's U.S. Constitutional Rights 8 and 14 Amendment of the To Be Free from cruel and unusual punishment and unnecessary and wanton infliction of pain, Prohibit clauses, By:

53) Plaintiff incorporate all Paragraph   1. Thru 71, into this Count 1 claims as if realleges.

54.) All Defendants are Directly and indirectly forcing and forced Plaintiff to choose between rights of A) For Safety and Protection from inmates assaults as Described in the Yard cages and open Yard. only obtion to Stay in the cell and Refuse the outdoor Exercise Rights, or B) or for to Receive the rights of and go to the outdoor Exercise area. only obtion is Refuse all safety and Protection Rights from the inmates threats and assaults. As Described in the open yard and yard cages, and be assaulted by inmates.

55.) All Defendants have forced thus cruel and unusual Punishment choice on Plaintiff to choose between

20

these Two Protected entitled To Constitutional Rights of outdoor Exercise and the rights To Protection and safety From the inmates threats and Assaults posed on and in the said two yard Areas. thus Violates Plaintiff's said Constitutional Rights. Under clearly Established law. see. Allen v. City & County Honolulu 39 F.3d 936, 940 (9 cir 1994).

56) THE Forcing Plaintiff To Choose and Refuse outdoor Exercise yard rights, is Not a sufficient Nor a Reasonable Response. Because it's Defendants who have the ministerial lawful Duty To A.) Protect and Provide safety for Plaintiff once they learned of the threats and Danger of Assaultive Harm As stated To Plaintiff's Health. and B.) All Defendants Have a ministerial managerial Duty To Provide Plaintiff with Both Constitutional Rights of Protection From Harm and outdoor Exercise yard. See lee v. Shepler 2015 WL 12942245 (C.D.Ill.) citing Gevas v. McLaughlin 2015 WL 4939605, At #8 (7cir).

57.) All Defendants Continually Have and is, Breached their managerial Duties To Provide a safe open yard and yard cages outdoor Exersice opportunities And To Protect Plaintiff From the said Harmful open yard and yard cages of inmates threats And Assaults As Described, actually caused Plaintiff said injuries.

21

58.) <u>COUNT 2.</u> states a Deliberate iNDifference To PlaiNTiffs Health aND SAFety serious NeeDs Claims. AGAiNst All DeFeNDANTS Being iNvioLation oF PLaiNtiFF U.S. CoNstitutioNal 8 aND 14 AmeNDMeNT RiGHTS oF the eNtitlemeNt clause To ADequate ouT oF cell ExerCise aND a SAFe ENViRoNmeNT.

59.) PlaiNtiFF incorporAte All PaRaGRaPHS 1. thru 71. into this CouNT 2 Claims as iF ReallegeD.

60.) All DeFeNDANTS DireCtly or inDirectly DepriveD and Depriving PlaiNtiFF His BASic human Necessary NeeDs such As REASoNABle sAFety, ouT oF cell ExerCise aND a SAFe ENViRoNMeNT. — thus By Forcing the PlaiNtiFF To choose aND PreveNTiNG PlaiNtiFF From GoiNg To the DANgerous HarmFul yarD cAGes AND OPeN yarD withouT Protection From Being Assaulted with Feces-urine throwing or Fist FiGHTS theats By other iNMATes.

61.) All DeFeNDANTS KNew, learNeD aND HAD KNowleDge PlaiNtiFF iNJuries wouLD occur, From their Direct or iNDirect MANAGeriAl yarD ENViRoNmeNT ACtioNs operATiNg, wouLD For PlaiNtiFF's SAFety PlaiNtiFF wouLD ouT oF PsychologiCAl Fear wouLD choose To AND ReFuse To go To the OPeN yarD AND yarD cAges.

62.) All DeFeNDANTS DisReGarDeD AND DiD NothiNG iN

22

IN ReSPoNSE To PlAiNTiFF uNABle To Go To OUT oF
cell EXeRcise YARD PerioD, over three YearS Due
To the inmates threats aND ASSAulTive acts on
the yarD cages or open yard. — thus REASONABle
To ProviDe PlAintiFF with a **SAFe** ENViRONMENT
OUT oF cell EXeRcise YARD AReA.

63) All DeFeNDANTS DisReGARDeD aND BReacheD ~~their~~
Duties To ProviDe a SAFe EXeRcise YARD ENViRONMENT
over three YearS aND CONTiNue, while kNowiNg
aND learNeD PlAiNTiFF iNJuRies WouID OCCur aND
CONTiNue aS a ReSult aND AlloweD it, iN **VIOlATION**
OF PlAiNTiFF'S 8 aND 14 AMeNDMeNTS CONSTiTuTiONAl
RiGHT, BeiNg **DeNieD** OUT oF cell EXeRcise FRee FRom
UNReaSONABle ASSAulTs, **FoR A lONg** PerioD OF
YEarS, see, Delaney V. DeTella 256 F.3d 679 (7th
CIR. 2001) with **liBS**comb V. PFister 2014 WC 287269,
(C.D. Ill.).

64) <u>COUNT 3.</u> states a Failure To Protect claims,
AGAiNst All DeFeNDANTS BeiNg iN ViolAtioN oF PlAiNtiFF
U.S. CONSTiTuTioNAl 8 AND 14 AMeNDMeNT RiGHTS oF
the Due Process Protection clause aND To Be Free
FRom HArm clause.

65) All DeFeNDANTS **Fail To ProtectiNg** PlAiNTiFF FRom
THE Two SeperAte kNowN SUBSTANTiAl riSk oF

23

serious harm and inpending of **A)** the yard
cages activity harm from having bodily feces
urine blood and substances thrown by inmates
on plaintiff if go to said yard cages, and the
harm from being physical attack and assaulted
by inmates on the open yard. — and B.) from
the harmful psychological and physical painful
health deteriorating suffering condition known
would occur from denial of out of cell exercise
safe environment over a ex**cessive** long period
of time **as three** years.

66) Plaintiff incorporates all paragraphs  I. thru **71.**
into count 3 claims as if realleged

67) _Count **4.**_  states a **institutional negligence claim**
against all De**fendents** being in violation of plaintiff
U.S. constitutional 8 and 14 amendment rights of
~~the~~ Due process protection clause and to be free from
conditions that pose a unreasonable risk and inpending
harm of future injuries clause.

68) All defendants accepted the administrative and
managerial duty and was assigned negligently to
the duty to provide a **safe** out of cell exercise yard
environment for plaintiff's and all inmates safety
and health. and allowed to maintain thus duties
over three years after learning all defendants
lacked the skill to have or carry out thus duty

24

69) All DeFENDANTS learn or HAD knowleDG oF WAS AWARe oF NOT and NOT CAPABLe oF ProViDing A SAFe OUT oF cell Exercise YARD ENVIRONMENT AND BY All DeFENDANTS NegliGently ADOPTeD ProceDures AND Policy OPeratingly ProViDing AN OPEN YARD OUT oF cell Exercise ENViRONMENT that iNCreaseD the Serious HARMFul riskoF Assaults From Feces-urine throwing To PHYSiCAl Fist FighTs or Both.

70) All DeFENDANTS breacheD their Duties To Employee or RETAIN the ProPer Authority and Persons To PerFormeD the NEEDED KNOWN Duties oF AND ProViDe a reasonable SAFeTY OUT oF cell Exercise YARD For PLAINTiFFs SAFeTY and HEAlth — AND For PlaintiFF's BeneFit AS A Director thirD PArty BeneFiciary REQUIReD BY statutory law 730 ILCS 5/3-7-4 AND the UNITED States CONstitution. with ProFessional skill.

71) PlaintiFF incorporates All ParaGraPHs 1. thru 71. into Count 4 Claim AS iF RealleGeD

25

RELIEF REQUESTED:

1) For injunction relief ordering all Defendants to provide Plaintiff's a safe ENVIRONment out the cell exercise yard, and out of the said HARMful unHealthy conditions causing Plaintiff said injuries.

2) Enter a Declaratory Judgment order, Declaring such said conditions Plaintiff Being subjected to and forced to involuntary choose Between Two Constitutional said rights, Violates the U.S. 8 and 14 Amendment Constitutional rights.

3) enter a order Declaring this Complaint AS a class Action

4) Enter a order Against all Defendants jointly and severally to Awarding Plaintiff compensatory Punitive and Actual injuries money Damages where law so Allows the Amount Determined By a Jury, 5) Enter Additional Relief this Court Deems Proper and To remedy this Complaints issues And Violations.

CERTIFICATE AND AFFIDAVIT:

By signing this complaint I certify under oath and penalty of Perjury, everything stated is true and correct Based on my Belief and Personal Knowledge, And is competent to understand, make and sign this Affidavit, and is made in good Faith Belief Having merits

sign _Gerald Jones_ on _10-15-18_
Plaintiff

Gerald Jones
B.13486

26